```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF TENNESSEE
                       EASTERN DIVISION
```

|  |  |  |
|---|---|---|
| STEVEN RAY THACKER, | ◊ | |
| | ◊ | |
| Petitioner, | ◊ | |
| | ◊ | |
| v. | ◊ | No. 12-2784-JDB-egb |
| | ◊ | |
| ROLAND COLSON, Warden, Riverbend | ◊ | |
| Maximum Security Institution, | ◊ | |
| | ◊ | |
| Respondent. | ◊ | |
| | ◊ | |

ORDER DENYING MOTION TO ADMINISTRATIVELY CLOSE CASE

On September 27, 2012, Petitioner Steven Ray Thacker filed a motion to administratively close the case pending a decision on his United States Supreme Court petition for certiorari in Thacker v. Workman, No. 12A218.  (Docket Entry ("D.E.") 6.)  On October 9, 2012, Respondent Roland Colson filed a response.  (D.E. 9.)

On December 23, 1999, Petitioner kidnaped, raped and killed Laci Dawn Hill in Oklahoma.  Thacker v. Tennessee, No. W2010-01637-CCA-R3-PD, 2012 WL 1020227, at *1 (Tenn. Crim. App. Mar. 23, 2012), *app. denied* (Aug. 16, 2012).  Thacker fled to Dyersburg, Tennessee where the stolen vehicle he was driving broke down.  Id.  He killed Ray Patterson, a tow truck driver who came to his aid, when Patterson learned that Petitioner was attempting to pay with a stolen credit card.  Id.  Thacker was convicted of first degree murder for killing Patterson and sentenced to death.  Id.  That conviction is the subject of the instant petition.

Petitioner was convicted for first-degree malice aforethought murder, kidnaping, and first-degree rape for the incident with Hill and sentenced to death in Oklahoma.  *See* Thacker v. Workman, 678 F.3d 820, 822 (10th Cir. 2012).  The Tenth Circuit Court of Appeals affirmed the denial of habeas relief.  Id. at 822, 849. (*See* D.E. 6 at 1-2.)  The inmate must file his petition for certiorari with the United States Supreme Court by November 8, 2012.  (Id. at 2.) He argues that, if the Supreme Court denies certiorari, events in Oklahoma will render the instant habeas proceeding moot because Oklahoma will proceed with his execution.  (Id.)

Respondent maintains that an administrative closure would serve to delay the just and speedy adjudication of the present action in favor of a separate action in Oklahoma.  (D.E. 9 at 1.)  He asserts that Petitioner asks this Court to wait on the determination of a petition for writ of certiorari that Petitioner has not yet filed. (Id.)  Respondent avers that the timing of a determination on the petition for certiorari is uncertain.  (Id. at 3.)  Further, there is no indication that Oklahoma has set an execution date.  (Id.) Respondent relies on Federal Rule of Civil Procedure 1 which calls for the "just, speedy, and inexpensive determination" of the instant action as support for the denial of Petitioner's motion.  (Id. at 3-4.)

The Supreme Court has long recognized a state's interest in securing the finality of its judgments.  Dist. Atty's Office for Third Judicial Dist. v. Osborne, 557 U.S. 52, 98, 129 S. Ct. 2308, 2337, 174 L. Ed. 2d 38 (2009); *see* Maples v. Thomas, ___ U.S. ___,

2

132 S. Ct. 912, 929, 181 L. Ed. 2d 807 (2012) (Scalia, J., dissenting)(federal habeas review "imposes significant costs on the States" and undermines "their practical interest in the finality of their criminal judgments"). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") has the objective of encouraging finality and reducing delay in the execution of criminal sentences, especially in capital cases. *See* Rhines v. Weber, 544 U.S. 269, 276-77, 125 S. Ct. 1528, 1534, 161 L. Ed. 2d 440 (2005) (citing Woodford v. Garceau, 538 U.S. 202, 206, 123 S. Ct. 1398, 155 L. Ed. 2d 363 (2003)). Capital petitioners, in contrast to most petitioners, have an interest in delaying federal habeas proceedings, prolonging incarceration, and avoiding execution. *See* id. at 277-78, 123 S. Ct. at 1535.

Administrative closure is a docket management device which allows the removal of cases from the court's docket in appropriate situations. *See* In re Heritage Sw. Med. Group PA, 464 F. App'x 285, 287 (5th Cir. 2012); Shewchun v. Holder, 658 F.3d 557, 567 (6th Cir. 2011), *reh'g denied* (Oct. 26, 2011). The effect of an administrative closure is the same as a stay, except that it affects the count of active cases pending on the court's docket. Mire v. Full Spectrum Lending Inc., 389 F.3d 163, 167 (5th Cir. 2004). District courts should not stay cases where the action would not be compatible with AEDPA's purposes. Rhines, 544 U.S. at 276, 125 S. Ct. at 1534.

Thacker's instant habeas petition is ripe for review. The Oklahoma convictions and sentence are not relevant to the resolution

of the instant petition.  Administrative closure of this case would result in a stay for an indefinite period of time.  Petitioner has not presented good cause to delay the resolution of federal habeas proceedings and the finality of the Tennessee court's judgment.

Petitioner's motion to administratively close the case is DENIED.

IT IS SO ORDERED this 23rd day of October 2012.

          s/ J. DANIEL BREEN
          UNITED STATES DISTRICT JUDGE